1   MCKOOL SMITH HENNIGAN P.C.
    Roderick G. Dorman (96908)
2   RDorman@mckoolsmithhennigan.com
    865 South Figueroa St.
3   Suite 2900
    Los Angeles, CA 90017
4   Telephone:  (213) 694-1200
    Facsimile:  (213) 694-1234
5
    Attorneys for Plaintiff
6   TiVo Inc.

7

8               UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10  TIVO INC.,                          )   Case No. SACV12-898 JST (JPRx)
                                        )
11          Plaintiff,                  )   **DISCOVERY MATTER**
                                        )
12      vs.                             )   **JOINT STIPULATION RE TIVO**
                                        )   **INC.'S MOTION TO COMPEL**
13                                      )   **THIRD PARTY BROADCOM TO**
    VERIZON COMMUNICATIONS,             )   **APPEAR AT A DEPOSITION AND**
14  INC.; VERIZON SERVICES CORP.;       )   **PRODUCE DOCUMENTS**
    VERIZON CORPORATE                   )   **PURSUANT TO SUBPOENAS IN A**
15  RESOURCES GROUP, LLC;               )   **CIVIL CASE**
    VERIZON CORPORATE SERVICES          )
16  GROUP INC.; and VERIZON DATA        )   [Local Rule 37-2]
    SERVICES LLC,                       )
17                                      )   Hearing Date: July 12, 2012
            Defendants.                 )   Time: 10:30 a.m.
18                                      )   Magistrate: Hon. Jean P. Rosenbluth
                                        )   Courtroom: 6A
19                                      )
                                        )   Discovery Cutoff: June 6, 2012
20                                      )   Pretrial Conference:  Sept. 17, 2012
                                        )   Jury Selection: Oct. 1, 2012
21                                      )
                                        )
22                                      )
                                        )
23                                      )
    _____)
24

25

26

27

28

2655812

1       TiVo Inc. ("TiVo") and Broadcom Corporation ("Broadcom") hereby submit

2 their Joint Stipulation re TiVo's Motion to Compel Third Party Broadcom to Appear

3 at Deposition and to Produce Documents in the case pending in the United States

4 District Court for the Eastern District of Texas styled *TiVo Inc.* v. *Verizon*

5 *Communications Inc. et al.,* Case 2:09-cv-257-DF-CMC, pursuant to Rules 30(b)(6),

6 34, and 45 of the Federal Rules of Civil Procedure and Local Rule 37-2.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# <u>TABLE OF CONTENT</u>

<u>Page</u>

I.  INTRODUCTION .................................................................................. 1

     A.  TiVo's Introductory Statement ................................................. 1

     B.  Broadcom's Introductory Statement .......................................... 3

II.  TIVO'S CONTENTIONS AND POINTS AND AUTHORITIES ................ 6

     A.  Factual and Procedural Background .......................................... 6

     B.  Argument ............................................................................ 8

     1.  Discovery Under Rule 45 Is Broadly Construed ........................ 8

     2.  TiVo Seeks Discovery That Is Relevant to the Main Case ................................................................................. 9

     3.  TiVo Timely Sought Discovery Immediately After Learning That It Is Unavailable from Any Other Source ........................................................................... 10

III.  BROADCOM'S CONTENTIONS AND POINTS AND AUTHORITIES ........................................................................... 10

     A.  Factual And Procedural Background ........................................ 10

     B.  Broadcom's Argument .......................................................... 15

     1.  TiVo's Motion To Compel Is Untimely ................................. 15

     2.  TiVo's Motion To Compel Fails To Comply With L.R. 37 ................................................................................ 16

     3.  Rule 45 Is Not A Free Pass To Harass Third Parties .............. 18

     4.  TiVo's Requests Present A Moving Target, And TiVo Refuses To Accept Reasonable Compromises ................ 20

     5.  TiVo Has Not Identified What It Actually Needs And Does Not Substantiate Why It Needs Any Discovery From Broadcom, Much Less The Sweeping Discovery Sought ................................................ 20

IV.  TIVO'S AND BROADCOM'S CONTENTIONS REGARDING THE DEPOSITION TOPIC ................................................................ 22

TIVO'S CONTENTIONS REGARDING THE DEPOSITION TOPIC .................................................................................... 22

BROADCOM'S CONTENTIONS REGARDING THE DEPOSITION TOPIC ................................................................ 22

2655812

- i -

JOINT STIP RE TIVO INC.'S MOTION TO COMPEL
THIRD PARTY BROADCOM TO APPEAR
AT A DEPOSITION AND PRODUCE DOCUMENTS
Case No. SACV12-898 JST (JPRx)

A.   This Deposition Topic Is New To Broadcom; Here Is TiVo's Actual Noticed Deposition Topic .......................... 22

B.   TiVo's New Deposition Topic Is Overbroad .......................... 27

V.   TIVO'S AND BROADCOM'S CONTENTIONS REGARDING THE DOCUMENT REQUESTS .................................................. 27

TIVO'S CONTENTIONS REGARDING DOCUMENT REQUEST NO. 1 ............................................................... 27

BROADCOM'S CONTENTIONS REGARDING DOCUMENT REQUEST NO. 1 ............................................................... 28

A.   This Document Request Is New To Broadcom; Here Is TiVo's Subpoenaed Document Request, To Which Broadcom Has Fully Responded .................................. 28

TIVO'S CONTENTIONS REGARDING DOCUMENT REQUEST NO. 2 ............................................................... 30

BROADCOM'S CONTENTIONS REGARDING  DOCUMENT REQUEST NO. 2 ............................................................... 30

A.   This Document Request Is New To Broadcom; Here Is TiVo's Subpoenaed Document Request, To Which Broadcom Has Fully Responded .................................. 30

JOINT STIP RE TIVO INC.'S MOTION TO COMPEL
THIRD PARTY BROADCOM TO APPEAR
AT A DEPOSITION AND PRODUCE DOCUMENTS
Case No. SACV12-898 JST (JPRx)

2655812

- ii -

**JOINT STIPULATION**

**I.    INTRODUCTION**

    **A.    TiVo's Introductory Statement**

    This is a motion to compel documents and the appearance of a witness at deposition in connection with TiVo's patent infringement lawsuit against Verizon pending in the Eastern District of Texas.  At issue in that lawsuit are "digital video recorder" (DVR) set-top boxes that Verizon provides to its television customers. The DVRs are manufactured by Motorola Mobility, Inc. ("Motorola") and contain important components from Broadcom.  TiVo therefore subpoenaed Broadcom for documents and testimony, but Broadcom has failed to comply.  By this motion, TiVo seeks to compel the production of documents responsive to TiVo's May 17, 2011 subpoena to Broadcom (the "May 2011 Subpoena"), and to compel Broadcom to provide a witness to testify on behalf of Broadcom pursuant to TiVo's August 11, 2011 subpoena to Broadcom (the "August 2011 Subpoena") (attached to the concurrently filed Declaration of Thomas C. Werner ("Werner Decl.") as Exhibit A) and Notice of Deposition of Broadcom pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure (the "Notice") (Werner Decl., Ex. B).  TiVo has been trying to obtain Broadcom's compliance without court intervention, but to no avail.

    TiVo now has no choice but to seek relief from the Court.  In addition to the unquestioned relevance of the discovery from Broadcom regarding important components of the products at issue, relief is now even more urgent given that a Motorola witness deposed in the Main Case was unable to respond to questions about the operation of Motorola's own products to the extent they included certain Broadcom products.  At the May 31, 2012 deposition of Motorola in the *TiVo v. Verizon* lawsuit, taken pursuant to Rule 30(b)(6), Motorola's  corporate designee declined to answer questions regarding certain aspects of the operation of Motorola products that contain certain Broadcom products, claiming not to know "the details" of how those Broadcom products work.  Werner Decl., ¶ 2.

2655812

- 1 -

JOINT STIP RE TIVO INC.'S MOTION TO COMPEL
THIRD PARTY BROADCOM TO APPEAR
AT A DEPOSITION AND PRODUCE DOCUMENTS
Case No. SACV12-898 JST (JPRx)

1   TiVo contacted Broadcom to again follow up on the pending subpoenas and
2   to request the production of certain specific documents relating to the Broadcom
3   products identified by Motorola, and again request a date for the deposition of a
4   Broadcom corporate designee to testify regarding those Broadcom products.
5   Werner Decl., Ex. C.  On June 1, 2012, TiVo sent Broadcom's counsel a meet and
6   confer letter pursuant to Central District Local Rule 37-1, requesting that Broadcom
7   produce documents and appear for deposition.  *See id.*  In that letter, TiVo narrowed
8   its requests to a single deposition topic and two requests for the production of
9   documents.  *See id.*  On June 4, 2012, counsel timely met and conferred to try to
10  resolve the dispute.  *See* Werner Decl., Ex. D.  TiVo further narrowed the single
11  remaining deposition topic to cover only three Broadcom products.  *See id.*
12  Broadcom continued to stall, and has not agreed to search for and produce any
13  documents in response to TiVo's narrowed and focused requests, and has declined
14  to agree to provide a witness for deposition, let alone provide a date certain for such
15  a deposition.

16  TiVo therefore brings the instant motion to compel Broadcom to: (i) produce
17  documents responsive to the May 2011 Subpoena, as narrowed by TiVo, within
18  three days of an Order on this Motion; and (ii) appear for a deposition in response to
19  the August 2011 Subpoena, as narrowed by TiVo, within two days after TiVo's
20  receipt of Broadcom's production.  The parties in the main action are permitted to
21  file motions to compel on or before June 13, 2012, a date that is one week after the
22  scheduled close of fact discovery on June 6, 2012.  Broadcom's goal has been to
23  defer this discovery by appearing cooperative, but not making any commitments, in
24  essence trying to run out the clock. TiVo must protect its rights to obtain the
25  discovery sought, necessitating this motion in light of Broadcom's refusal to agree
26  to cooperatively provide the limited discovery that TiVo has requested for some
27  time now.

28

2655812

- 2 -

JOINT STIP RE TIVO INC.'S MOTION TO COMPEL
THIRD PARTY BROADCOM TO APPEAR
AT A DEPOSITION AND PRODUCE DOCUMENTS
Case No. SACV12-898 JST (JPRx)

### B.    Broadcom's Introductory Statement

In this Texas-based patent infringement suit, TiVo relies on unsupported attorney arguments to make untimely demands for overly board and unduly burdensome discovery from a third party **after** the close of fact discovery.  TiVo does so in disregard of agreements long ago reached by TiVo and Broadcom and in disregard of the procedural rules that required TiVo to have filed any motion to compel (or joint stipulation) with the Court **before** the close of fact discovery in the underlying litigation.  Moreover, TiVo's contentions reveal that it has apparently not even reviewed the ***more than 30,000 pages*** of technical documentation produced by Broadcom in response to TiVo's subpoenas almost a year ago.[1]  Perhaps just as egregious as all of these other defects in TiVo's position is the fact that—in its rush to get a motion to compel on file—TiVo has deliberately defied the requirements of Local Rule 37, as explained in more detail below.  For that reason alone, TiVo's motion can and should be summarily rejected.  *See, e.g., Childress v. Darby Lumber, Inc.*, 357 F.3d 1000, 1010 (9th Cir. 2004); *Histon v. Tilton*, No. C 09-0979, 2012 WL 476388, at *8 (N.D. Cal. Feb. 14, 2012); *see also* L.R. 37-4 ("The failure of any counsel to comply with or cooperate in the foregoing procedures may result in the imposition of sanctions.").

TiVo's present document production demands are made in contravention of an express agreement that Broadcom reached with TiVo—and fully complied with by Broadcom—limiting the scope of production.[2]  Even if TiVo could substantiate its arguments that it needs the broad scope of document discovery it now belatedly seeks from Broadcom by pointing to specific patent claims, expert declarations, or infringement contentions, which it has not and cannot, TiVo's prior agreements

---

[1]  *See* Declaration of Amanda Tessar (June 12, 2012) ("Tessar Decl."), ¶ 18, filed concurrently herewith; *see also* Section IV *infra*.

[2]  Declaration of James V. Fazio, III (June 12, 2012) ("Fazio Decl."), ¶¶ 4-7, filed concurrently herewith.

1   preclude it from obtaining the relief now sought.  *See United States v. Mann*, 61

2   F.3d 326, 332 (5th Cir. 1995) ("courts have recognized the binding power of these

3   informal discovery agreements").

4       With respect to its deposition subpoena, TiVo unequivocally told Broadcom

5   more than six months ago that TiVo was "suspend[ing] the deposition subpoena,"

6   because of a stay of this case.  Fazio Decl., Ex. 11.  Broadcom heard **nothing** from

7   TiVo for a full six months after receiving that letter.  Fazio Decl. ¶ 8.

8       Then, on May 22, 2012, just ten business days before fact discovery was

9   scheduled to close on June 6, 2012, TiVo re-surfaced to demand a deposition.  *See*

10  Fazio Decl., Ex. 12.  Then, only three business days before the close of fact

11  discovery, TiVo presented a laundry list of both new and long-dropped demands.

12  *See* Fazio Decl., Ex. 15.  TiVo insisted on an immediate response and deposition

13  date(s) from Broadcom, despite its own delay in contacting Broadcom and despite

14  being informed that Broadcom's managing in-house counsel was out of the office

15  for a family medical emergency.  *See, e.g.*, Fazio Decl., Exs. 12 & 13; Tessar Decl.,

16  Ex. 7.  Without waiting for Broadcom's substantive response for the required ten

17  days under L.R. 37-1, TiVo then raced to serve its portion of this joint stipulation on

18  Broadcom before fact discovery closed and also filed a "Petition to Enforce

19  Subpoena" with this Court—as if either was sufficient to excuse the fact that TiVo's

20  requests to this Court are untimely under any theory.  *See* Tessar Decl., Ex. 7 at 1

21  (sending TiVo's portion of the joint stipulation on June 5, 2012); Tessar Decl., Ex. 4

22  (Petition to Enforce (filed June 6, 2012)).  Apparently to deflect attention from the

23  procedural defects in its own position, TiVo now stubbornly maintains that

24  Broadcom has "insisted" that TiVo file this motion—as if Broadcom wanted or

25  invited a motion to compel on a Rule 45 subpoena for a case to which it is not even

26  a party.  *See, e.g.*, Tessar Decl., Ex. 11 (explaining that "Broadcom's position is that

27  the parties should have worked out their dispute privately, and could have done so if

28

1   TiVo had allowed adequate time to meet-and-confer and approached the issues

2   reasonably and in good faith").

3        In its argument to this Court, TiVo alternates between blaming Broadcom for

4   TiVo's lateness (because Broadcom did not jump fast enough when TiVo was

5   rushing to finish fact discovery) and blaming third-party Motorola Mobility, Inc.

6   (because Motorola was not able to answer questions about Broadcom's products),

7   but the reality is that TiVo has nobody to blame but itself for its procedural

8   quandary, having specifically told Broadcom that it was suspending its deposition

9   subpoena to Broadcom and then not allowing sufficient time to negotiate the

10  deposition subpoena before the close of fact discovery.  *See* Fazio Decl. ¶ 8 & Exs.

11  11-12.  On the merits, TiVo has entirely failed to meet its burden of justifying the

12  overbroad and burdensome discovery it now asks this Court to compel.

13       Nevertheless, even after receiving TiVo's portion of this joint stipulation,

14  Broadcom continued to work in good faith to resolve this dispute amicably,

15  proposing to TiVo that Broadcom would produce a witness to testify about the

16  product that TiVo had identified as its highest priority (BCM7400).  Tessar Decl.,

17  Ex. 9.  Broadcom did so despite the fact that TiVo's deadlines for raising this issue

18  to the Court had passed and despite the burden that an additional deposition

19  imposes.  TiVo rejected that offer, insisting on multiple witnesses on all products,

20  refusing to work with Broadcom to provide greater clarity as to the specific

21  information TiVo seeks, and forcing Broadcom to incur the expense of opposing

22  TiVo's motion.  Tessar Decl., Ex. 10 at 1-2.

23       Broadcom respectfully requests the Court deny TiVo's unsupported and

24  procedurally deficient motion and award Broadcom its costs and fees associated

25  with the preparation of this joint stipulation.[3]

26

27  _____

28  [3]  In the event the Court grants this request, Broadcom is prepared to submit a
     declaration documenting its expenses and a proposed order.

2655812                            - 5 -

JOINT STIP RE TIVO INC.'S MOTION TO COMPEL
THIRD PARTY BROADCOM TO APPEAR
AT A DEPOSITION AND PRODUCE DOCUMENTS
Case No. SACV12-898 JST (JPRx)

1 **II.     TIVO'S CONTENTIONS AND POINTS AND AUTHORITIES**

2     **A.     Factual and Procedural Background**

3     TiVo is a pioneer in the field of digital video recording ("DVR").  TiVo's

4 products have garnered industry praise and commercial success since their first

5 release in 1999.  Technology reflected in TiVo's products is patented.  TiVo has

6 enforced its patent rights against numerous infringers, winning at trial and obtaining

7 a settlement valued at over $600 million from EchoStar Corporation, and obtaining

8 a settlement valued at over $215 million from AT&T.  Werner Decl., Ex. E.  Also in

9 2009, TiVo sued Verizon Communications, Inc. and related entities ("Verizon") in

10 *TiVo v. Verizon*, No. 2:09-cv-257 (E.D. Tex.) (the main action here) to enforce

11 TiVo's patent rights against Verizon's FiOS DVR product, the hardware for which

12 is supplied to Verizon by Motorola.

13     The *TiVo v. Verizon* action was stayed from November 2011 until January

14 2012 pending TiVo's lawsuit against AT&T, which settled in January 2012 with

15 AT&T paying over $215 million to TiVo.  Werner Decl., Exs. P, D.  Since the stay

16 was lifted, the parties to the main action have been working to complete fact

17 discovery.  Because the products accused of infringing TiVo's patents are made and

18 supplied to Verizon by Motorola, TiVo had to pursue third party discovery

19 regarding aspects of the operation of the accused products.  Motorola resisted such

20 discovery, for example, refusing until April 2012 to produce numerous versions of

21 its source code, and producing numerous additional versions of its source code in

22 just the last several weeks.  Werner Decl., ¶ 2.  Motorola also delayed providing its

23 witnesses for deposition in the *TiVo v. Verizon* case until the very end of the fact

24 discovery period.  *Id.*  When TiVo deposed Motorola on May 31, 2012, TiVo

25 expected answers but Motorola declined to answer with respect to certain Motorola

26 products that incorporate products made by Broadcom.  *Id.*  The additional

27 discovery that TiVo had sought from Broadcom thus is particularly important.

28

JOINT STIP RE TIVO INC.'S MOTION TO COMPEL
THIRD PARTY BROADCOM TO APPEAR
AT A DEPOSITION AND PRODUCE DOCUMENTS
Case No. SACV12-898 JST (JPRx)

2655812

- 6 -

1    TiVo has followed up with Broadcom regarding its discovery needs.  TiVo

2  and Broadcom met and conferred multiple times between June 2011 and November

3  2011 regarding the documents and testimony that TiVo expected Broadcom to

4  provide.  *See* Werner Decl., ¶¶ 12–18.  Prior to the November 2011 stay, Broadcom

5  had produced documents and represented that it "is reviewing potential witness

6  availability" for deposition.  Werner Decl., Ex. F.  After the stay lifted in January

7  2012, TiVo brought in new counsel to represent it against Verizon, including with

8  respect to the subpoenas to Broadcom.  Werner Decl., ¶ 21.  TiVo's new counsel

9  contacted Broadcom on May 22, 2012 regarding the August 2011 Subpoena, asking

10  Broadcom to identify a corporate designee in response to TiVo's Notice.  Werner

11  Decl., Ex. C.  In response, on May 23, 2012, Broadcom stated that "the Broadcom

12  personnel with whom I need to communicate regarding these issues are out of the

13  office and unavailable this week."  *Id*.  Broadcom went on to promise: "We will

14  respond further next week."  *Id*.  TiVo did not receive any response from Broadcom,

15  however.  *See id*.  During the Motorola deposition, on May 31, 2012, TiVo wrote to

16  Broadcom again, asking that Broadcom confer with TiVo as soon as possible.  *Id*.

17  In response, on June 1, 2012, Broadcom declined to conference with TiVo, stating

18  that Broadcom and its counsel were scheduled to discuss the matter.  *Id*.  On the

19  same day, TiVo wrote to Broadcom pursuant to L.R. 37-1, agreeing to narrow the

20  scope of documents and deposition testimony sought by TiVo's subpoenas, and

21  requesting a meet and confer.  *Id*.  TiVo and Broadcom met and conferred on June

22  4, 2012.  Werner Decl., Ex. D.

23    During the June 4, 2012 meet and confer, counsel for Broadcom again

24  claimed that the Broadcom personnel with whom he needed to speak to address

25  TiVo's subpoenas were either "out in the field" or "traveling."  Werner Decl., ¶ 6.

26  Counsel for Broadcom was unable to provide any information regarding its

27  willingness to search for documents, or to provide a witness for deposition.  *See*

28  Werner Decl., Ex. D.  Even after TiVo agreed to still further narrow the deposition

2655812

- 7 -

JOINT STIP RE TIVO INC.'S MOTION TO COMPEL
THIRD PARTY BROADCOM TO APPEAR
AT A DEPOSITION AND PRODUCE DOCUMENTS
Case No. SACV12-898 JST (JPRx)

1   topic to only three Broadcom products, counsel for Broadcom declined to agree to

2   provide any discovery, claiming to be unable to provide more information until the

3   following week.  *Id.*; Werner Decl. ¶ 6.  TiVo stated its view that, given Broadcom's

4   apparent delay tactics, this motion would be necessary.  *See* Werner Decl., Ex. D.

5        The following day, June 5, 2012, TiVo was advised that new counsel would

6   be "stepping in" for the Broadcom counsel with whom TiVo had been dealing since

7   May 2011.  Werner Decl. Ex. G.  New counsel admitted that she was "not up to

8   speed on the issues yet," but agreed to speak with TiVo.  *Id.*  During the conference,

9   Broadcom's new counsel confirmed that Broadcom was unwilling to agree to

10  produce additional documents or provide a witness, confirmed that Broadcom had

11  made no effort to identify any witness or search for any documents in response to

12  TiVo's requests, and insisted that TiVo file a motion to compel to preserve its rights

13  under the subpoenas.  *Id.*  TiVo provided its draft portion of the joint stipulation that

14  day, asking Broadcom to expedite its response.  *Id.*

15        **B.** **Argument**

16           **1.** **Discovery Under Rule 45 Is Broadly Construed**

17        Rule 45 of the Federal Rules of Civil Procedure expressly authorizes a party

18  to issue a subpoena commanding the person to whom it is directed to attend and

19  give testimony or to produce and permit inspection of designated records. Fed. R.

20  Civ. P. 45(a)(1)(C).  "[I]t is well settled that the scope of discovery under a [Rule

21  45] subpoena is the same as the scope of discovery under Rule 26(b) and Rule 34."

22  *Kona Spring Water Distrib., Ltd. v. World Triathlon Corp.*, No. 8:05-cv-119-T-23,

23  2006 WL 905517, at *2 (M.D. Fla. Apr. 7, 2006); *see also Micro Motion, Inc. v.*

24  *Kane Steel Co.*, 894 F.2d 1318, 1325-26 (Fed. Cir. 1990) (reviewing relevancy

25  standard for discovery from third parties under the liberal standard of Rule

26  26(b)(1)).  Under Rule 26(b), "parties may obtain discovery regarding any

27  nonprivileged matter that is relevant to any party's claim or defense—including the

28  existence, description, nature, custody, condition, and location of any documents or

JOINT STIP RE TIVO INC.'S MOTION TO COMPEL
THIRD PARTY BROADCOM TO APPEAR
AT A DEPOSITION AND PRODUCE DOCUMENTS
Case No. SACV12-898 JST (JPRx)

1  other tangible things and the identity and location of persons who know of any

2  discoverable matter." Fed. R. Civ. P. 26(b)(1). "Patent infringement cases are not

3  exceptions to the rule that discovery is liberal and relevancy is broadly construed."

4  *Murata Mfg. Co. v. Bel Fuse, Inc.*, 422 F. Supp. 2d 934, 945 (N.D. Ill. 2006) (citing

5  *Katz v. Batavia Marine & Sporting Supplies, Inc.*, 984 F.2d 422, 424 (Fed. Cir.

6  1993)).

7      As courts have recognized, a court that "does not have the benefit of

8  involvement with the underlying litigation," and whose "'only connection with a

9  case is supervision of discovery ancillary to an action in another district should be

10  especially hesitant to pass judgment on what constitutes relevant evidence

11  thereunder.'" *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 680-81 (N. D. Cal. 2006)

12  (quoting Truswal Systems Corp. v. Hydro-Air Engineering, Inc., 813 F.2d 1207,

13  1211-12 (Fed. Cir. 1987)). The person on whom the subpoena was served is duty

14  bound to appear for deposition and produce requested documents. *See* Fed. R. Civ.

15  P. 45(a) & (d)(1). Indeed, "[t]he party resisting discovery has the burden to show

16  that the requested discovery is not relevant and that the production of such discovery

17  would be unduly burdensome." *Benavides v. Velocity IQ, Inc.*, No. 8:05-cv-1536-T-

18  30, 2006 WL 680656, at *2 (M.D. Fla. Mar. 15, 2006).

19          **2.    TiVo Seeks Discovery That Is Relevant to the Main Case**

20      TiVo filed its patent infringement claims against Verizon's FiOS DVR

21  products. Those products are made by Motorola. The Motorola products

22  incorporate products made by Broadcom. The Broadcom products are integral to

23  the operation of the accused instrumentality. Broadcom manufactures integrated

24  circuits (also known as "chips") that, in conjunction with software also written by

25  Broadcom, and hardware and software provided by Motorola and/or Verizon,

26  implement the DVR functionality on multimedia data that TiVo has accused of

27  infringement. TiVo's subpoenas target these Broadcom chips, and seek information

28  regarding how they operate. There can be no debate that the subpoenas seek

1  discovery that "appears reasonably calculated to lead to the discovery of admissible

2  evidence." Fed. R. Civ. P. 26(b)(1). The discovery regarding the operation of key

3  components of the accused products is unquestionably relevant.

4       **3.    TiVo Timely Sought Discovery Immediately After Learning**

5                **That It Is Unavailable from Any Other Source**

6          Naturally, TiVo first sought to obtain the discovery from the parties to the

7  underlying litigation.   TiVo sought and obtained discovery from Verizon, as well as

8  its supplier Motorola regarding the products accused of infringement in the main

9  action. Motorola's corporate designee on May 31, 2012 declined to answer

10 questions about the operation of the Broadcom chips, confirming the need for a

11 deposition of Broadcom. Immediately after being unable to obtain from Motorola at

12 deposition further discovery regarding aspects of certain of Motorola's own

13 products that incorporate Broadcom products, TiVo contacted Broadcom. TiVo had

14 already been trying for nearly two weeks to schedule Broadcom's deposition, but

15 Broadcom declined to agree. TiVo cannot obtain from Verizon or Motorola

16 discovery that is only within the possession, custody, or control of Broadcom. *See,*

17 *e.g.*, Fed. R. Civ. P. 34(a)(1). TiVo's Rule 45 subpoenas to Broadcom are therefore

18 the only means available to TiVo to obtain certain discovery into the Broadcom

19 products incorporated into the Motorola products that are accused of infringement in

20 the main action. Unless the Court orders Broadcom to provide the requested

21 discovery, TiVo may be deprived of relevant discovery that it has been unable to

22 obtain despite its diligent efforts.

23 **III.    BROADCOM'S CONTENTIONS AND POINTS AND AUTHORITIES**

24       **A.    Factual And Procedural Background**

25          Broadcom is an Irvine-based United States-based semiconductor solutions

26 company.[4] The subpoenas at issue in this dispute were issued out of this Court,

27 _____

[4]    Declaration of Christopher Parry (June 12, 2012) ("Parry Decl."), ¶ 3, filed
28 concurrently herewith.

1  although the underlying patent infringement litigation was brought by TiVo in the

2  Eastern District of Texas.  *See generally* Fazio Decl., Exs. 1, 3 & 7.

3       This case is not the first time that TiVo has subjected third-party Broadcom to

4  expensive and burdensome discovery.  As TiVo explains above, it has brought

5  several prior patent infringement suits before this one.  TiVo fails to mention,

6  however, that it has also obtained Broadcom documents and deposed Broadcom

7  multiple times in those past cases.  *See, e.g.*, Fazio Decl., Ex. 10.

8       Broadcom was served with yet another document subpoena from TiVo in the

9  present Eastern District of Texas *TiVo v. Verizon* action in August 2010.  *See*

10 Subpoena (dated Aug. 26, 2010) in Fazio Decl., Ex. 1.[5]  Broadcom timely served its

11 objections to the subpoena and conferred in good faith with TiVo to narrow the

12 scope of the document subpoena to documents relevant to the claims and defenses at

13 issue in the *TiVo v. Verizon* action.  *See, e.g.*, Fazio Decl., Ex. 2 (sent Sept. 7, 2010).

14 To that end, Broadcom reached an agreement with TiVo's counsel, Ms. Lauren

15 Galgano of Robins, Kaplan, Miller & Ceresi LLP (who has ***not*** entered an

16 appearance in this enforcement action) in which TiVo agreed to limit its document

17 subpoena to materials contained in Broadcom's technical document repository and

18 given to customers.  Fazio Decl. ¶ 4; *see also* Fazio Decl., Ex. 6 ("TiVo and

19 Broadcom agreed to narrow the scope of the August 26, 2010 subpoena to provide

20 only documents provided to Broadcom's customers, which Broadcom has provided

21 and which TiVo accepted without objection . . . .").

22      Broadcom fully complied with this document production agreement, and

23 TiVo has not contended otherwise.  In total, Broadcom produced 30,159 pages of

24 confidential and proprietary technical documents to TiVo, including documents

---

26 [5]  TiVo later served an amended subpoena that is substantively identical to the
    August 26, 2010 subpoena to correct a clerical error in the original subpoena.
27 *See* Fazio Decl., Ex. 7 (Subpoena in a Civil Case (dated May 17, 2011)) & Ex. 4
    at 2 (explaining the re-issued subpoena "corrects only a clerical error" and
28 "remains otherwise unchanged").

1    relating to Broadcom's BCM3250, BCM7038, and BCM7400 products.  Fazio Decl.

2    ¶ 5.  Broadcom completed its production in approximately July of 2011.[6]  *Id.*

3           After its July 2011 production of documents, Broadcom received yet ***another***

4    subpoena from TiVo, this one now seeking to depose Broadcom.  *See* Fazio Decl.,

5    Ex. 7 (Subpoena & Notice of Deposition (dated Aug. 11, 2011)).  This latest

6    subpoena demanded witnesses to testify regarding ***eighty-five topics***, including

7    subparts.  *See generally id.* at Notice of Deposition.  Broadcom timely objected to

8    the subpoena as overbroad, unduly burdensome, duplicative of testimony previously

9    demanded by TiVo in previous matters, and duplicative of Broadcom's document

10   production.  *See* Fazio Decl., Ex. 9 (served Aug. 25, 2011); *see also* Fazio Decl., Ex.

11   8.

12          Broadcom unambiguously informed TiVo that Broadcom would ***not*** produce

13   a witness, but welcomed TiVo to confer with Broadcom regarding the subpoena in

14   the spirit of good faith, although that spirit was woefully lacking in the subpoena

15   itself.  *See* Fazio Decl., Ex. 8 ("[P]lease be advised that Broadcom will not provide

16   testimony on the date noticed in your Subpoena as currently drafted.").  The parties'

17   negotiations came to an abrupt halt on November 29, 2011, when TiVo wrote to

18   explain that the case was stayed and the deposition subpoena was "suspend[ed]."

19   Fazio Decl., Ex. 11.  In the same letter where TiVo announced that it was

20   suspending the current subpoena, TiVo explicitly told Broadcom that it would

21   contact Broadcom "once the stay in the underlying litigation has been lifted."  *Id.*

22          Then there was silence.  Broadcom did not hear a word from TiVo for almost

23   six months.  *See* Fazio Decl. ¶ 8.

24          On May 22, 2012, just ten business days before the close of discovery in the

25   Texas case, a new law firm representing TiVo contacted Broadcom and demanded a

26   _____

27   [6]   That was the last time Broadcom heard from TiVo regarding the document
     subpoena, until just two weeks ago, on June 1, 2012, when TiVo requested an
     "immediate telephonic conference," reneging on the parties' agreement and

28   demanding two sweeping new categories of documents.  *See* Fazio Decl., Ex. 15.

JOINT STIP RE TIVO INC.'S MOTION TO COMPEL
THIRD PARTY BROADCOM TO APPEAR
AT A DEPOSITION AND PRODUCE DOCUMENTS
Case No. SACV12-898 JST (JPRx)

2655812                              - 12 -

1  witness and date for deposition for each of the eighty-five topics and subparts listed

2  in TiVo's deposition notice—and a response within one business day.  *See* Fazio

3  Decl., Ex. 12.  Broadcom had no advance notice that this request was coming.  *See*

4  Fazio Decl. ¶ 8.

5       Although Broadcom in-house counsel should owe no explanation for being

6  unavailable to consult regarding a Rule 45 subpoena less than one business day after

7  nearly six months of silence from TiVo, it provided one.  Tessar Decl., Ex. 7

8  (explaining that "[t]he in-house lawyer managing this matter is out of the office this

9  week handling a family medical problem, so we should be able to get you a response

10  to Tivo's proposal early next week"); *see also* Fazio Decl. ¶ 9 & Ex. 13.

11  Specifically, the managing in-house counsel handling this matter has been out of the

12  office because his mother was hospitalized after a heart attack.  Parry Decl. ¶ 5.

13  TiVo's insinuations that Broadcom has improperly delayed are not only unfounded,

14  they are offensive in the circumstances.

15       A synopsis of TiVo's surprise attack on Broadcom after nearly six months of

16  silence shows the following:

17     • **May 22, 2012:**  Counsel for TiVo demands Broadcom "identify a

18        witness and date for deposition in response to TiVo's 30(b)(6) notice"

19        "[b]y the close of business tomorrow.  Fazio Decl., Ex. 12.

20     • **May 23, 2012:**  Counsel for Broadcom responds that this demand is

21        unreasonable and explains that "the Broadcom personnel with whom I

22        need to communicate regarding these issues are out of the office and

23        unavailable this week."  Fazio Decl., Ex. 13.

24     • **May 31, 2012:**  TiVo demands Broadcom "identify a witness

25        immediately or we will need to address this with the Court."  Fazio

26        Decl., Ex. 14.

27     • **June 1, 2012:** In the communication that TiVo now submits was its LR

28        37-1 letter, TiVo demands Broadcom be available to confer on June 4,

JOINT STIP RE TIVO INC.'S MOTION TO COMPEL
THIRD PARTY BROADCOM TO APPEAR
AT A DEPOSITION AND PRODUCE DOCUMENTS
Case No. SACV12-898 JST (JPRx)

2012, regarding a new proposed topic of deposition and two new document requests.  This is the first time TiVo asserts that it is entitled to further document discovery from Broadcom.  Fazio Decl., Ex. 15; *see also supra* n.6.

- **June 4, 2012:**  Broadcom and TiVo confer telephonically regarding TiVo's new document and deposition demands.  Broadcom explained that it would provide its position as soon as possible.  Fazio Decl. ¶ 9.

- **June 5, 2012:**  The undersigned counsel and TiVo confer telephonically regarding TiVo's new document and deposition demands.  The undersigned explains that the Broadcom attorney managing the subpoena has been unavailable due to a family medical emergency, but that Broadcom can respond to TiVo's proposal after his return next week.  *See* Tessar Decl., Ex. 7 at 1.  TiVo sends its portions of the joint stipulation.  *Id.*

- **June 6, 2012:**  TiVo files a "Petition to Enforce Subpoena to Third Party Broadcom In Case Pending In Foreign Jurisdiction (Eastern District of Texas)."  *See* Tessar Decl., Ex. 4 (Petition to Enforce).  TiVo also files a certificate of service claiming to have served a copy of the petition via electronic mail on June 6, 2012.  Tessar Decl., Ex. 5.  It did not actually do so.

- **June 7, 2012:**  Tivo sends a copy of the petition to the undersigned counsel.  Tessar Decl., Ex. 6.

- **June 8, 2012:**  Broadcom sends a proposal to TiVo for resolution of the parties' dispute based on the parties' discussions and TiVo's representation that the BCM7400 product is the one for which TiVo most requests testimony.  Tessar Decl., Ex. 9 at 1.  Notably, Broadcom explains it is not willing to renegotiate the parties' agreement regarding the document subpoena and explains that it is willing produce a single

2655812

- 14 -

JOINT STIP RE TIVO INC.'S MOTION TO COMPEL
THIRD PARTY BROADCOM TO APPEAR
AT A DEPOSITION AND PRODUCE DOCUMENTS
Case No. SACV12-898 JST (JPRx)

1    witness regarding the BCM7400 product, and requests TiVo identify

2    the features of interest so that the most appropriate witness  can be

3    identified in light of TiVo's modifications to its deposition demands.

4    *Id.*

5    • **June 10, 2010.**  TiVo refuses Broadcom's proposal.  Tessar Decl., Ex.

6    10 at 1-2.

7    B.    **Broadcom's Argument**

8         1.    **TiVo's Motion To Compel Is Untimely**

9    On March 13, 2012, Magistrate Judge Craven of the Eastern District of Texas

10   issued the operative Docket Control Order in effect in the *TiVo v. Verizon* case.  It

11   sets an unambiguous deadline of **June 6, 2012** for "completion of all fact

12   discovery."  Tessar Decl., Ex. 2 at 2 (Docket Control Order).  Not only did TiVo fail

13   to file a motion to compel even capable of being decided prior to the discovery

14   deadline, TiVo files its motion to compel a full week after this discovery deadline.

15   TiVo optimistically, but incorrectly, represents that "[t]he parties to the main

16   action are permitted to file motions to compel on or before June 13, 2012."  *See*

17   *supra*.  But a review of the case docket reveals that, although TiVo very recently (on

18   June 4, 2012) proposed an extension to the Docket Control Order, TiVo's request

19   for an extension has ***not*** been granted as of the time of Broadcom's transmittal of its

20   joint submission portions to TiVo, and there is no indication that it will be granted.

21   *See* Tessar Decl., Ex. 1 at 30 (Civil Docket for 2:09-cv-00257); Tessar Decl., Ex. 2

22   (Docket Control Order setting a June 6, 2012 deadline for completion of fact

23   discovery and no separate deadline for discovery-related motions); Tessar Decl.,

24   Ex. 3 (Joint Proposed Docket Control Order requesting a June 13, 2012 deadline to

25   file motions to compel regarding discovery disputes).  Thus, as discussed above,

26   under the operative case schedule, TiVo's deadline for filing a motion to compel has

27   passed.

28

2655812                                    - 15 -

JOINT STIP RE TIVO INC.'S MOTION TO COMPEL
THIRD PARTY BROADCOM TO APPEAR
AT A DEPOSITION AND PRODUCE DOCUMENTS
Case No. SACV12-898 JST (JPRx)

1   Rather than admitting its failure to timely raise its subpoena disputes with
2   Broadcom, TiVo rushed to file a "Petition to Enforce Subpoena to Third Party
3   Broadcom in Case Pending in Foreign Jurisdiction" on June 6, 2012.  *See generally*
4   Tessar Decl., Ex. 4 (Petition to Enforce).  TiVo cites no authority to show that such
5   an attempt to end run the normal rules of litigation is proper.  *See, e.g.*, *Greene v.*
6   *Swain County Partnership for Health*, 342 F.Supp. 2d 442, 449 (W.D.N.C. 2004)
7   (denying motion to compel party discovery filed six days after the motions
8   deadline).

9   **2.   TiVo's Motion To Compel Fails To Comply With L.R. 37**

10   Rather than proactively trying to reach a compromise with Broadcom with
11   respect to deposition testimony, TiVo's approach to this dispute has been to jam
12   Broadcom and then to blame Broadcom for problems that TiVo itself has created
13   through its conduct.  In doing so, TiVo has directly violated L.R. 37 in three
14   separate ways.

15   **First**, as TiVo acknowledges, it did not send its LR 37-1 meet-and-confer
16   letter until Friday, June 1, 2011.  *See supra*, at Section II.A.  What it then
17   characterizes as a Monday, June 4th conferral that satisfies LR 37-1 (and a similar
18   call on Tuesday, June 5, 2012) were, in reality, nothing more than Broadcom's
19   response that it would get TiVo its position within the required 10-day period.  *See*
20   Fazio Decl. ¶ 9; Tessar Decl., Ex. 7 at 1 (June 5, 2012 email explaining that
21   Broadcom "should be able to get you a response to Tivo's proposal early next
22   week").  Without waiting for Broadcom's response to TiVo's complaints, TiVo then
23   rushed to send its portions of the Joint Stipulation that same day.  *Id.* at 1-2
24   (emailing TiVo's portions of the joint stipulation on June 5, 2012).

25   **Second**, the night before Broadcom's response was due, TiVo sent an
26   "updated" version of its motion that made substantive changes.  *See* Tessar Decl.,
27   Ex. 12 at 1.  And, despite Broadcom's protestations, TiVo sent yet another
28   "updated" version of its joint stipulation sections again the next day – the very day

Broadcom's response was due.  *See id.*; Tessar Decl., Ex. 13 at 2-3.[7]  TiVo

continued to demand, however, that Broadcom's response was due the next day (and

supposedly by 5 pm, to boot, despite the fact that TiVo itself had served both its

original sections of the Joint Stipulation and its "updated" version on June 11th after

5 pm).  *See* Tessar Decl. Ex. 7 at 1 (T. Werner Email); Tessar Decl. Ex. 12 at 1 (T.

Werner Email); Tessar Decl. Ex. 13 at 1 (T. Werner Email).  The intent of the

express language of Local Rule 37, of course, must be to prevent one party from

treating another in this matter.

***Third***, and perhaps most egregiously, under Local Rule 37-2.2, TiVo was

required to provide its arguments, "together with all declarations and exhibits to be

offered in support of the moving party's position."  It sent no exhibits or

declarations, however, on June 5th.  Indeed, it not even ***cite*** to a single exhibit or

declaration in its June 5th papers.  *See* Tessar Decl., Ex. 14 (comparing the original

June 5th version to the revised June 12th version of TiVo's arguments).  On the

night of June 11th, however, TiVo added citations to declarations and undescribed

exhibits to its portions of the brief.  *See id.*  Even then, however, TiVo ***still*** did not

provide Broadcom with copies of those exhibits and its declaration until ***the same***

***day*** Broadcom's sections in response to TiVo's original June 5th arguments were

due to TiVo.  Tessar Decl., Ex. 13 at 2-3 (transmitting TiVo's declaration, exhibits,

and revised sections of the draft joint stipulation on June 12, 2012).  TiVo's last-

minute service of these materials in complete disregard of Local Rule 37-2.2 has

made it impossible for Broadcom to fully respond to TiVo's motion to compel.

The Central District of California possesses and has used its discretion to

reject motions for failing to comply with Local Rule 37, and that is exactly what

Broadcom submits should happen here.  *See, e.g.*, *So v. Land Base, LLC*, No. 08-

03336, 2009 WL 2407954, *2 (C.D. Cal. Aug. 4, 2009) (denying motion for

---

[7]  Broadcom created a redline document comparing the June 5th document received
from TiVo against the June 12th "updated" version.  Tessar Decl., Ex. 14.

JOINT STIP RE TIVO INC.'S MOTION TO COMPEL
THIRD PARTY BROADCOM TO APPEAR
AT A DEPOSITION AND PRODUCE DOCUMENTS
Case No. SACV12-898 JST (JPRx)

2655812                                            - 17 -

1   protective order where movant failed to confer or comply with local rules); L.R. 37-

2   4; *see also Childress v. Darby Lumber, Inc.*, 357 F.3d 1000, 1010 (9th Cir. 2004)

3   (finding that the district court did not abuse its discretion in denying defendant's

4   motion to compel discovery responses on the ground that there had been no good

5   faith conference); *Histon v. Tilton*, No. C 09-0979, 2012 WL 476388, at *8 (N.D.

6   Cal. Feb. 14, 2012) ("[p]laintiff has not in good faith attempted to meet and confer

7   with Defendants prior to filing his motion, as required by Rule 37(a)(2)(B) of the

8   Federal Rules of Civil Procedure.  Plaintiff's motion to compel [] is DENIED").

9           **3.   Rule 45 Is Not A Free Pass To Harass Third Parties**

10          "While the court interprets liberally the discovery provisions of the Federal

11   Rules of Civil Procedure to encourage the free flow of information among litigants,

12   *limits do exist.*"  *Travelers Indem. Co. v. Metropolitan Life Ins. Co.*, 228 F.R.D.

13   111, 113 (D. Conn. 2005) (emphasis added).  Rule 45 expressly provides such a

14   limitation, as it "warns attorneys issuing subpoenas that they must take reasonable

15   steps to avoid imposing undue burden or expense on a person subject to the

16   subpoena" and gives the Court the power to enforce this duty by imposing

17   appropriate sanctions.  Fed. R. Civ. Pro. 45(c)(1).  It is well settled that non-parties

18   who are dragged into other parties' litigation deserve *extra protection* in discovery

19   proceedings.  *See Coulter v. Murrell*, No. 10-102 IEG, 2011 WL 666894, at *3 (S.D.

20   Cal. Feb. 14, 2011); *see also United States v. Columbia Broadcasting System, Inc.*,

21   666 F.2d 364, 371-72 (9th Cir. 1982) ("[n]onparty witnesses are powerless to

22   control the scope of litigation and discovery, and should not be forced to subsidize

23   an unreasonable share of the costs of litigation to which they are not a party");

24   *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998) ("concern for the

25   unwanted burden thrust upon non-parties is a factor entitled to special weight in

26   evaluating the balance of competing needs").  A party's failure to avoid imposing an

27   undue burden on a subpoenaed non-party is sanctionable.  *See, e.g., High Tech*

28

1  *Medical Instrumentation, Inc. v. New Image Industries, Inc.*, 161 F.R.D. 86, 88

2  (N.D. Cal. 1995).

3      Courts have broad discretion to determine whether a subpoena is unduly

4  burdensome.  *See Exxon Shipping Co. v. U.S. Dep't of Interior*, 34 F.3d 774, 779

5  (9th Cir. 1994).  Discovery may be denied where the subpoena contains "sweeping

6  requests for documents, requiring extensive shifting [sic] and analysis by a non-

7  party and constituting a general fishing expedition."  *Bergeson v. Nat'l Surety Corp.*,

8  112 F.R.D. 692, 695 (D. Mont. 1986); *see also Premium Serv. Corp. v. Sperry &*

9  *Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975); *Concord Boat Corp. v.*

10  *Brunswich Corp.*, 169 F.R.D. 44, 50 (S.D.N.Y. 1996).

11      Notably, courts routinely enforce agreements between private parties to limit

12  the scope of discovery.  *See, e.g.*, *United States v. Mann*, 61 F.3d 326, 332 (5th Cir.

13  1995) ("courts have recognized the binding power of these informal discovery

14  agreements").

15      Additionally, if the Court finds that the attorney responsible for issuing a

16  subpoena fails to take reasonable steps to avoid undue burden or expense, "[t]he

17  issuing court **must** enforce this duty **and** impose an appropriate sanction—which

18  may include lost earnings and reasonable attorney's fees—on a party or attorney

19  who fails to comply."  Fed. R. Civ. P. 45(c)(1) (emphasis added).  The standard for

20  an award of attorney's fees and costs under Rule 45(c)(1) is set forth in the Rule:

21  "that the court must determine if there has been a breach of counsel's duty to take

22  reasonable steps to avoid imposing undue burden or expense upon the person

23  subject to the subpoena."  *Builders Ass'n of Greater Chicago v. City of Chicago*,

24  Case No. 96-C-1122, 2002 WL 1008455, at *3, 10 (N.D. Ill. May 13, 2002)

25  (awarding reasonable attorneys' fees and costs for breach of duties under Rule

26  45(c)(1)).

27

28

**4.** **TiVo's Requests Present A Moving Target, And TiVo Refuses To Accept Reasonable Compromises**

TiVo does not quote a single deposition topic or document request from the subpoenas that TiVo actually served on Broadcom.  Instead, TiVo has drafted new discovery requests for purposes of this joint motion, almost as sweeping as the original requests themselves (quoted below), including a deposition topic that purports to cover all aspects of operations and a long list of features for three separate Broadcom products, from the hardware to the software, and even including source code.  *See infra* at "Deposition Topic."  When Broadcom complained that the proposed topic was hopelessly overbroad and that it was unlikely that a single witness could testify regarding all aspects of these chips—instead offering to produce a single witness to testify regarding the specific functionality that TiVo indicated during conferrals was most needed for its patent infringement action—TiVo refused.  *See* Tessar Decl., Ex. 9 at 1 (offering to produce a witness to testify regarding features of interest to TiVo for the BCM7400); Tessar Decl., Ex. 10 at 2 (demanding that Broadcom be prepared to testify regarding hardware, software and source code for all three chips).

**5.** **TiVo Has Not Identified What It Actually Needs And Does Not Substantiate Why It Needs Any Discovery From Broadcom, Much Less The Sweeping Discovery Sought**

TiVo is the only party to this motion to compel that knows the documents or information it requires for the claims and defenses at issue in the *TiVo v. Verizon* litigation.  TiVo claims that it is entitled to extensive documentary and testimonial evidence from Broadcom because Broadcom chips and Broadcom software, in conjunction with "hardware and software provided by Motorola and/or Verizon," implement the DVR functionality that is apparently at issue in the underlying action.  *See supra*.  But TiVo ***never explains why***.  It does not point to any patent claims or infringement contentions.  It does not explain what aspects of the technology are

2655812

- 20 -

JOINT STIP RE TIVO INC.'S MOTION TO COMPEL
THIRD PARTY BROADCOM TO APPEAR
AT A DEPOSITION AND PRODUCE DOCUMENTS
Case No. SACV12-898 JST (JPRx)

1    disputed.  It does not provide expert testimony explaining the types of proof

2    required to make out TiVo's infringement case.  In short, TiVo provides this Court

3    with no concrete information that it could use to evaluate whether the sweeping

4    discovery sought is needed or justifiable, instead choosing to rely on conclusory and

5    unsubstantiated attorney argument.

6         Broadcom cannot know whether TiVo simply does not know what it needs or

7    whether TiVo deliberately refuses to narrow its requests to what it needs for

8    purposes of harassment.  But it defies common sense that TiVo must depose a

9    Broadcom witness regarding all aspects of hardware, software, and source code for

10   all aspects of "operation" of multiple Broadcom products that are alleged to be

11   incorporated into another third-party's products that are alleged to be incorporated

12   into the defendants' products that are alleged to infringe one or more patents.  *See*

13   "Deposition Topic" *infra*; Tessar Decl., Ex. 10 at 1.  TiVo presumably knows the

14   aspects of its patent claims for which it believes it is missing evidence of

15   infringement (particularly here, where TiVo has already served original and

16   amended infringement contentions in the underlying action and has litigated these

17   patents multiple times).  *See generally* Tessar Decl., Ex. 1 (Civil Docket for *Tivo v.*

18   *Verizon*).  TiVo's failure to narrow its dispute to the evidence it seeks for the

19   underlying action is inappropriate and should not be rewarded to Broadcom's

20   detriment.  *See, e.g.*, *Dobson v. Twin City Fire Ins. Co.*, No. 11-0192-DOC, 2011

21   WL 6288103, *3 (C.D. Cal. Dec. 14, 2011) (sustaining objections to a motion to

22   compel that the request was overbroad).

23        TiVo claims that any delay on its part is actually attributable to third-party

24   Motorola Mobility, Inc. ("Motorola"), which TiVo describes as having "resisted"

25   and "delayed" discovery because Motorola was unable to answer questions about

26   Broadcom's products.  Preliminarily, TiVo has not provided to Broadcom the

27   purported Motorola deposition testimony "declin[ing]" to answer questions about

28   Motorola products.  Even setting that defect of proof aside, however, TiVo's excuse

JOINT STIP RE TIVO INC.'S MOTION TO COMPEL
THIRD PARTY BROADCOM TO APPEAR
AT A DEPOSITION AND PRODUCE DOCUMENTS
Case No. SACV12-898 JST (JPRx)

1   is still woefully weak.  If TiVo questions Motorola's testimony, it should pursue

2   relief against Motorola.  If TiVo accepts Motorola's testimony, then it should have

3   allowed enough time to pursue separate discovery against Broadcom.  Certainly,

4   TiVo could and should have predicted that Motorola might be unwilling or unable to

5   provide technical testimony about another company's products.

6   **IV.   TIVO'S AND BROADCOM'S CONTENTIONS REGARDING THE**

7   **DEPOSITION TOPIC**

8

9   **THE DEPOSITION TOPIC:**

10      For each Broadcom Chip identified by the model numbers 3250, 7038, and

11   7400, the operation of the Broadcom Chip and any related Software, including

12   source code, in the recording and playing back of multimedia data on a Motorola

13   Set-Top Box, including specific details on the movement of multimedia data

14   between the Broadcom Chip and system memory, the movement of multimedia data

15   to and from a hard disk drive, PID filtering, and start code detection.

16   **TIVO'S CONTENTIONS REGARDING THE DEPOSITION TOPIC**

17      As explained above, TiVo has narrowed this Topic to focus on necessary

18   discovery that is directly relevant to the main action, and may not be obtained from

19   any source other than Broadcom.  Broadcom has offered no reason why it cannot

20   provide this discovery.  The Court should therefore order its production.

21   **BROADCOM'S CONTENTIONS REGARDING THE DEPOSITION TOPIC**

22      **A.   This Deposition Topic Is New To Broadcom; Here Is TiVo's Actual**

23      **Noticed Deposition Topic**

24      Broadcom first received the above-listed, "narrowed" deposition topic on

25   June 5, 2012, when it received TiVo's originally-served portions of this Joint

26   Stipulation.  This topic is not included in TiVo's subpoena or June 1, 2012 letter,[8]

27

28   ───────────────

[8]   While there are similarities between TiVo's new "deposition topic" and the
deposition topic provided to Broadcom for purposes of conferral, TiVo further
broadened the topic in its motion to include, for example, "any related Software,

nor can it be matched directly to any existing topic, although some of the original topics are certainly so lengthy and complicated, such as the topic listed below, that TiVo can correctly argue that this is a comparatively "narrowed" version of those topics.  That said, however, it is impossible for TiVo to cite to a particular deposition topic number or Broadcom's objections and response to this deposition topic because of the lack of correlation between the new topic and the original topics.

Giving TiVo the benefit of the doubt, Broadcom assumes TiVo's position to be that this new deposition topic most closely corresponds to Topic No. 1.  Pursuant to Local Rule 37-2.1, TiVo's deposition topic, and Broadcom's timely objections, follow:

**TOPIC NO. 1:**

For each Broadcom Chip and each version of Software, the identity, location and details about the functionality of the hardware and software components responsible for storage and playback of multimedia data, including:
a.  receiving television programming and other data;
b.  QAM (Quadrature Amplitude Modulation) demodulation and tuning;
c.  channel or frequency tuning, including use of a multiplexer and ALPS tuners;
d.  analyzing MPEG data, including:
    (1.)  MPEG parsing;
    (2.)  packet identification ("PID") filtering or parsing
    (3.)  searching MPEG data for the presence and location of start codes, such as PES packet headers, sequence start codes, picture start codes and the first slice start codes within each picture and retaining data to determine the picture type (I, B or P);
e.  MPEG data error detection and correction;
f.  receiving signals from a keypad controller that notify a microcontroller whenever the keypad controller detects that a key has been pressed;
g.  receiving and processing IR pulses to determine the key code data sent from a user's remote control device
h.  using parser bands to process or analyze MPEG data;
i.  MPEG data processing, including:
    (1.)  parsing, analyzing, filtering, buffering, or storing MPEG data or packets;

including source code."  *Compare* Fazio Decl., Ex. 15 at 1 *with* "Deposition Topic" *supra*.

2655812

- 23 -

JOINT STIP RE TIVO INC.'S MOTION TO COMPEL
THIRD PARTY BROADCOM TO APPEAR
AT A DEPOSITION AND PRODUCE DOCUMENTS
Case No. SACV12-898 JST (JPRx)

(2.) inserting or adjusting any embedded time values, such as the Program Clock Reference (PCR) values embedded in packet steams;

(3.) PES parsing or converting MPEG-2 Transport Streams into Packetized Elementary Streams;

(4.) locking the time base to PCR/SCR embedded within a video stream;

(5.) extracting PTS and DTS timestamps;

(6.) recording video and audio data associated with a selected program to buffers in RAM;

(7.) transferring video and audio data associated with a selected program from buffers in RAM to a hard disk drive;

(8.) identifying start codes, PES packet headers, sequence start codes., picture start codes, the first slice start codes within each picture and picture type (I, B or P) within MPEG data;

(9.) building index tables using start codes, PES packet headers, sequence start codes, picture start codes, the first slice start codes within each picture and picture type (I, B or P);

(10.) writing index tables based on start codes, PES packet headers, sequence start codes, picture start codes, the first slice start codes within each picture and picture type (I, B or P) into a linked list of buffers in RAM;

(11.) writing index tables based on start codes, PES packet headers, sequence start codes, picture start codes, the first slice start codes within each picture and picture type (I, B or P) to a hard disk drive;

(12.) associating index tables or navigation tables with video and audio data;

(13.) error checking, time-stamping and creating streams for recoding [sic], playback or immediate viewing using data link-lists in memory;

(14.) using the record, audio, and video interface engine (RAVE);

j. memory management during recording or playback of multimedia programs, including:

(1.) temporary storage or buffering of audio and video data;

(2.) temporary storage or buffering of index tables or navigation data;

(3.) writing video and audio data to temporary storage, such as RAM;

(4.) writing index tables or navigation data to temporary storage, such as RAM;

(5.) retrieving video and audio data from temporary storage, such as RAM;

(6.) retrieving index tables or navigation data from temporary storage, such as RAM;

(7.) writing video and audio data to a hard drive;

(8.) writing index tables or navigation data to a hard drive;

(9.) retrieving video and audio data from a hard drive;

2655812

JOINT STIP RE TIVO INC.'S MOTION TO COMPEL
THIRD PARTY BROADCOM TO APPEAR
AT A DEPOSITION AND PRODUCE DOCUMENTS
Case No. SACV12-898 JST (JPRx)

      (10.)  retrieving index tables or navigation data from a hard drive;

      (11.)  direct memory access ("DMA") transfers and the use of DMA descriptors

      (12.)  waiting until the minimum requested buffer size is available before allocating buffer memory, and any other method of preventing memory loss;

k.    initialization of core DVR functionality, including:

      (1.)  allocating buffer pool memory;

      (2.)  the structure of buffer pool memory, e.g., a ring buffer;

      (3.)  the use of read and write pointers with buffer pool memory;

      (4.)  instantiating a record channel;

      (5.)  instantiating a playback channel;

      (6.)  joining record channel and playback channel;

      (7.)  interacing between the DVR software and the hardware device drivers;

l.    the construction or organization of any index tables, navigation data, or other information about stored video or audio data

m.    accessing or searching index tables or navigation data and using that information during video and audio playback;

n.    identifying or correcting buffer overflow or underflow;

o.    processing and executing user commends for:

      (1.)  initiating or terminating recording of multimedia programs;

      (2.)  initiating or terminating playback of multimedia programs;

      (3.)  controlling playback rate and direction of multimedia programs, including pause, play, fast forward, rewind, and frame step;

      (4.)  channel changes, tuning, and selection of multimedia programs;

p.    video and audio decoding and display;

q.    inserting data into transport, PES or other packets, such as offset bits or timecode insertions;

r.    reordering MPEG data, such as transport, PES or other packets;

s.    removing or extracting data from transport, PES or other packets, including offset bits, timecodes, or null packets;

t.    multiroom functionality, including:

      (1.)  enabling Multimedia over Coax Alliance ("MoCA") functionality;

      (2.)  establishing a control channel between a media hub set-top box and a media terminal set-top box;

      (3.)  sending video and audio data from a media hub set-top box and retrieving video and audio data at a media terminal set-top box;

      (4.)  trickplaying (e.g., pausing, fast forwarding, rewinding) content at a media terminal set-top box that originates from a media hub set-top box.

JOINT STIP RE TIVO INC.'S MOTION TO COMPEL
THIRD PARTY BROADCOM TO APPEAR
AT A DEPOSITION AND PRODUCE DOCUMENTS
Case No. SACV12-898 JST (JPRx)

2655812

- 25 -

**RESPONSE TO TOPIC NO. 1:**

Broadcom objects to this Topic on the ground and to the extent that a seeks testimony previously provided in the matter entitled *TiVo, Inc. v. Echostar Communications Corp., et al.*, Case No. 2:04-cv-1-DF (E.D. Tex) and in the matter entitled *Forgent Networks, Inc. v. Echostar Technologies, Corp., et al.*, Case No. 6:06-cv-208 (E.D. Tex.) and thus seeks to impose undue burden and expense on Broadcom in violation of Fed. R. Civ. P. 45. Broadcom objects to this Topic on the ground and to the extent it seeks information preciously provided by Broadcom to TiVo in response to its Subpoenas for the Production of Documents and Things issued May 17, 2011 and August 26, 2010, both with which Broadcom has complied and thus seeks to impose undue burden and expense on Broadcom in violation of Fed. R. Civ. P. 45. Broadcom objects to this Topic on the ground that it seeks testimony concerning at least 61 separate topics (Including subparts) and is thus overly-broad and unduly burdensome in violation of Fed. R. Civ. P. 45. Broadcom objects to this Topic to the extent it seeks testimony concerning Broadcom's highly-confidential and proprietary information (including source code) and that the provisions in the Joint Stipulation and Protective Order accompanying the Subpoena are inadequate to properly safeguard and ensure the confidentiality of Broadcom's highly-confidential and proprietary information. Broadcom objects to this Topic on the grounds that it is unlimited as to time and overly broad and thus impermissibly seeks to impose an undue burden on Broadcom. Broadcom objects to this Topic to the extent it seeks information and testimony protected by the attorney- client privilege and/or attorney work product doctrine. Broadcom further objects to this Topic on the ground the Subpoena fails to allow a reasonable time for compliance, particularly in view of the over-breadth of this Topic. Broadcom objects to this Topic on the ground that it fails to specify the matter about which testimony is requested with reasonable particularity in violation of Fed R. Civ. P. 30(b)(6). Broadcom objects to this Topic on the ground it seeks confidential information concerning or belonging to other third parties whose consent to disclosure has not been requested or obtained and/or from whom the testimony requested is more appropriately obtained.

Fazio Decl., Ex 7 at 8-12; Fazio Decl., Ex. 9 at 9-10.

It is appropriate that TiVo has abandoned its original topic. That said, it is blatantly unfair for TiVo to start from scratch with an effectively new (although still overboard) topic as it belatedly moves to compel. TiVo can hardly represent with a straight face that taking a step back from its original deposition topic represents a meaningful attempt to craft a reasonable, targeted, and minimally-burdensome deposition request.

2655812

- 26 -

JOINT STIP RE TIVO INC.'S MOTION TO COMPEL
THIRD PARTY BROADCOM TO APPEAR
AT A DEPOSITION AND PRODUCE DOCUMENTS
Case No. SACV12-898 JST (JPRx)

**B.    TiVo's New Deposition Topic Is Overbroad**

TiVo's new deposition topic is overbroad.  It demands testimony with respect to all aspects of hardware, software, source code, and a long list of features for multiple products; effectively rolling all of the detailed topics included in its original Deposition Topic No. 1 into a single paragraph.  This overbroad  topic is not reasonable, particularly given the timing of TiVo's demands, the fact that TiVo has provided no evidence as to why it needs such broad discovery, and the fact that discovery is now closed.  *See supra*, at Section III.B.

**V.    TIVO'S AND BROADCOM'S CONTENTIONS REGARDING THE DOCUMENT REQUESTS**

**DOCUMENT REQUEST NO. 1:**

Documents sufficient to show the operation of the BCM7400 chip and any related Software with respect to the recording and playing back of multimedia data on a Motorola Set-Top Box, including specific details on the movement of multimedia data between the Broadcom Chip and system memory, the movement of multimedia data to and from a hard disk drive, PID filtering, and start code detection.

**TIVO'S CONTENTIONS REGARDING DOCUMENT REQUEST NO. 1**

As explained above, TiVo has narrowed this Request to focus on necessary discovery that is directly relevant to the main action, and may not be obtained from any source other than Broadcom.  Broadcom has offered no reason why it cannot provide this discovery.  The Court should therefore order its production.

2655812

- 27 -

JOINT STIP RE TIVO INC.'S MOTION TO COMPEL
THIRD PARTY BROADCOM TO APPEAR
AT A DEPOSITION AND PRODUCE DOCUMENTS
Case No. SACV12-898 JST (JPRx)

1  **BROADCOM'S CONTENTIONS REGARDING DOCUMENT REQUEST**
2  **NO. 1**

3      A.    **This Document Request Is New To Broadcom; Here Is TiVo's**
4      **Subpoenaed Document Request, To Which Broadcom Has Fully**
5      **Responded**

6      TiVo first informed Broadcom that it believed it was entitled to further
7  documents—contrary to the parties' agreement—in its June 1, 2012 correspondence.
8  Fazio Decl., Ex. 15. TiVo then identified the above "document request" to
9  Broadcom for the first time. This "document request" is nowhere to be found in
10 TiVo's document subpoena, which is precisely why TiVo fails to identify the
11 specific document request to which it correlates or provide the Court with
12 Broadcom's timely-served objections. *See generally* Fazio Decl., Ex. 1 at Subpoena
13 Schedule A (Request Nos. 1-7).

14     Again giving TiVo the benefit of the doubt, however, this new document
15 request most closely corresponds to TiVo's original Document Request No. 1.
16 Pursuant to Local Rule 37-2.1, here is TiVo's document request, and Broadcom's
17 timely-served objections:

18     **DOCUMENT REQUEST NO. 1:**
19     Documents sufficient to show design, operation or functionality
20     of the Broadcom chip.

21

22     **BROADCOM'S OBJECTIONS:**
23     Broadcom objections to Request No. 1 because it is overbroad,
24     unduly burdensome, and it seeks materials that are not relevant to
25     any claim or defense in the litigation. Tivo should narrow this
26     request to the particular features of the chip(s) at issue in this
27     case.
28 Fazio Decl., Ex. 1 at 9; Fazio Decl. Ex. 2 at 3.

JOINT STIP RE TIVO INC.'S MOTION TO COMPEL
THIRD PARTY BROADCOM TO APPEAR
AT A DEPOSITION AND PRODUCE DOCUMENTS
Case No. SACV12-898 JST (JPRx)

2655812

- 28 -

1    As discussed above, TiVo and Broadcom long ago agreed as to how the scope

2  of this document request should be narrowed.  *See* Fazio Decl. ¶ 4 & Ex. 5 ("TiVo

3  and Broadcom agreed to narrow the scope of the August 26, 2010 subpoena to

4  provide only documents provided to Broadcom's customers, which Broadcom has

5  provided and which TiVo accepted without objection . . . .").

6    In compliance with the parties' agreement, Broadcom produced 30,159 pages

7  of highly confidential and proprietary documents, including all such document

8  repository materials provided to Broadcom's customers for the BCM7400 chip.

9  Fazio Decl. ¶¶ 5-6.  In fact, even a cursory review of Broadcom's document

10  production reveals that the majority of the documents produced by Broadcom are

11  technical materials for the BCM7400 that show the "design, operation or

12  functionality" of the BCM7400.[9]  *See id.*  TiVo has never explained to Broadcom

13  how or why the extensive technical documents produced to date are somehow

14  lacking or fail to fully comply with the parties' agreement with respect to the real

15  Document Request No. 1—not TiVo's fictitious "Document Request No. 1" created

16  for purposes of its motion to compel.  In fact, counsel for TiVo was not even aware

17  that Broadcom previously produced documents pertaining to the BCM7400 during

18  the parties' June 5, 2012 teleconference.  Tessar Decl. ¶ 18.  In these circumstances,

19  TiVo's request for additional documents should be summarily rejected.

20

21  **DOCUMENT REQUEST NO. 2**

22    For the BCM7400 chip and any related Software, Broadcom HAL API,

23  RAVE API, and RAVE hardware and software user manuals, functional

24  specifications, and documents describing the implementation of the HAL APIs,

25

26  ─────────────────

[9]  If the Court would like to see sample production documents, Broadcom would be

27  happy to provide them.  In the interests of avoiding filing extra papers that may

    not be of use to the Court under seal, however, Broadcom does not submit them

28  here, instead describing them generally the Fazio Declaration.

1  RAVE APIs, and RAVE hardware and software, for example documents with levels
2  of detail similar to BCM0013480.

3  **TIVO'S CONTENTIONS REGARDING DOCUMENT REQUEST NO. 2**

4      As explained above, TiVo has narrowed this Request to focus on necessary
5  discovery that is directly relevant to the main action, and may not be obtained from
6  any source other than Broadcom.  Broadcom has offered no reason why it cannot
7  provide this discovery.  The Court should therefore order its production.

8  **BROADCOM'S CONTENTIONS REGARDING DOCUMENT REQUEST**
9  **NO. 2**

10      A.    **This Document Request Is New To Broadcom; Here Is TiVo's**
11          **Subpoenaed Document Request, To Which Broadcom Has Fully**
12          **Responded**

13      Again, there is no document request in TiVo's subpoena corresponding to
14  TiVo's second new document production demand.  *See generally* Fazio Decl., Ex. 1
15  at Subpoena Schedule A (Request Nos. 1-7).  Indeed, not a single document or
16  definition in TiVo's document subpoena even mentions "Software," "HAL API,
17  RAVE API, and RAVE hardware," "user manuals," or "functional specifications."
18  *See generally id.*  As before, the only document request that arguably covers the
19  materials now demanded by TiVo is the above-listed Request No. 1:

20          **DOCUMENT REQUEST NO. 1:**
21          Documents sufficient to show design, operation or functionality
22          of the Broadcom chip.

23          **BROADCOM'S OBJECTIONS:**
24          Broadcom objections to Request No. 1 because it is overbroad,
25          unduly burdensome, and it seeks materials that are not relevant to
26          any claim or defense in the litigation.  Tivo should narrow this
27          request to the particular features of the chip(s) at issue in this
28          case.

1  Fazio Decl., Ex. 1 at 9; Fazio Decl. Ex. 2 at 3.

2         And, as explained above, "TiVo and Broadcom agreed to narrow the scope of

3  the August 26, 2010 subpoena to provide only documents provided to Broadcom's

4  customers, which Broadcom has provided and which TiVo accepted without

5  objection . . . ." Fazio Decl., Ex. 5; *see also* Fazio Decl. ¶ 4. Broadcom produced

6  30,159 pages of highly confidential and proprietary documents, the majority of

7  which pertained to the BCM7400 chip. Fazio Decl. ¶¶ 5-6. TiVo has not claimed

8  that Broadcom somehow failed to produce "[d]ocuments sufficient to show design,

9  operation or functionality of the Broadcom chip," and nowhere does this request

10 specify that those documents "sufficient to show" must be hardware and software

11 user manuals, functional specifications, or data sheets (like the document produced

12 at BCM0013480-BCM014055, which TiVo identifies in its request).

13        TiVo's request for additional documents should be rejected as inconsistent

14 with the parties' private agreement, beyond the scope of the subpoena, duplicative

15 of Broadcom's extensive document production with respect to the BCM7400

16 product, untimely, and overly broad.

17

18                                         Respectfully submitted,

19 Dated:  June 13, 2012                  By:_____/s/ Roderick G. Dorman_____

20                                         MCKOOL SMITH HENNIGAN P.C.
21                                         Roderick G. Dorman (96908)
                                           RDorman@mckoolsmithhennigan.com
22                                         865 South Figueroa St.
                                           Suite 2900
23                                         Los Angeles, CA 90017
                                           Telephone:     (213) 694-1200
24                                         Facsimile:     (213) 694-1234

25                                         Attorneys for Plaintiff
                                           TiVo Inc.
26

27

28

1 | Dated:  June 13, 2012

By: _____ /s/ _____ Amanda Tessar _____

2

Amanda Tessar (*Pro Hac Vice* pending)
ATessar@perkinscoie.com

3

PERKINS COIE LLP
1900 Sixteenth Street, Suite 1400

4

Denver, CO 80202
Telephone:  303.291.2300

5

Facsimile:  303.291.2400

6

LiLing Poh (255446)
LPoh@perkinscoie.com

7

PERKINS COIE LLP
3150 Porter Drive

8

Palo Alto, CA 94304
Telephone:  650.838.4300

9

Facsimile:  350.838.4350

10

Attorneys for Third-Party
Broadcom Corporation

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2655812

- 32 -

JOINT STIP RE TIVO INC.'S MOTION TO COMPEL
THIRD PARTY BROADCOM TO APPEAR
AT A DEPOSITION AND PRODUCE DOCUMENTS
Case No. SACV12-898 JST (JPRx)